IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LONNIE R. PULEO,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-96**          (JCN: 2022016246)

**CORONADO GROUP LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lonnie R. Puleo appeals the February 7, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Coronado Group LLC, ("Coronado") filed a response.[1] Mr. Puleo did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Mr. Puleo a 20% permanent partial disability ("PPD") award related to his diagnosis of occupational pneumoconiosis ("OP").

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Puleo submitted an Employees' Report of Occupational Pneumoconiosis dated October 26, 2021. Mr. Puleo indicated that he was exposed to the hazards of OP for fourteen years and his date of last exposure was July 14, 2021. The claim administrator issued an order dated March 7, 2022, holding the claim compensable and indicating that Mr. Puleo was entitled to the rebuttable presumption that any chronic respiratory disability resulted from his employment.[2]

---

[1] Mr. Puleo is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Coronado is represented by Alysia Kozlowski, Esq.

[2] West Virginia Code § 23-4-8c(b) (2009) provides:

> If it can be shown that the claimant or deceased employee has been exposed to the hazard of inhaling minute particles of dust in the course of and resulting from his or her employment for a period of ten years during the

On November 17, 2021, Mr. Puleo underwent a pulmonary function study at New River Health. The interpretation was severe obstruction with significant improvement seen post-bronchodilator, lung volumes were normal but suggested air trapping and a mild reduction in DLCO. Mr. Puleo underwent an x-ray of his chest on December 11, 2021, which was interpreted as showing simple pneumoconiosis category p/p, 0/1. Mr. Puleo submitted a Physician's Report of Occupational Pneumoconiosis dated January 3, 2022. The diagnosis was impairment due to pneumoconiosis and it was indicated that Mr. Puleo's capacity for work was severely impaired by OP.

On June 28, 2022, Mr. Puleo underwent a second pulmonary function study at New River Health. It was reported that Mr. Puleo had a cigarette smoking history of a pack per day for 41 years. The interpretation of the study was DLCO moderate reduction, pre bronchodilator spirometry showed severe obstruction and suggested mild restriction, post bronchodilator showed severe obstruction with significant improvement, normal lung volumes, and borderline hyperinflation.

The OP Board Findings were issued on July 21, 2022, finding sufficient evidence to justify a diagnosis of OP with 20% pulmonary function impairment attributable to the disease. The OP Board noted that Mr. Puleo was a pack per day smoker of cigarettes for 20 years and had quit for a year. The claim administrator issued an order dated August 30, 2022, granting Mr. Puleo a 20% PPD award based upon the findings of the OP Board. Mr. Puleo protested this order.

Mr. Puleo was seen by Maria Boustani, M.D., on September 6, 2022, October 6, 2022, and November 8, 2022. The records indicate a smoking history of fifteen to thirty years. Dr. Boustani assessed pneumoconiosis with a history of nicotine addiction and severe COPD.

On November 2, 2022, Mr. Puleo underwent a CT scan of his chest, revealing no lung nodules. The report noted that Mr. Puleo was a smoker of fifteen years and had quit for one year. A stress test/echocardiogram was performed on Mr. Puleo on December 13, 2022. The stress test assessment was a normal myocardial perfusion study without evidence for significant/obvious ischemia and a low-risk stress test with a cardiac mortality of < 14 mmHg.

---

fifteen years immediately preceding the date of his or her last exposure to such hazard and that the claimant or deceased employee has sustained a chronic respiratory disability, it shall be presumed that the claimant is suffering or the deceased employee was suffering at the time of his or her death from occupational pneumoconiosis which arose out of and in the course of his or her employment. This presumption is not conclusive.

2

On December 21, 2022, an initial hearing was held to take the OP Board's testimony. The OP Board testified that the digital film performed for the OP Board was of good quality and that there were no pleural or parenchymal changes consistent with OP. The OP Board further testified that the post-bronchodilator spirometry study from New River Health dated November 17, 2021, was valid and reproducible but that the diffusion study reported no carboxyhemoglobin value. The OP Board opined that, based upon the diffusion study performed for the OP Board, Mr. Puleo had a 50% overall impairment. The OP Board testified that it attributed 20% impairment to OP and the remainder to non-occupational factors. The OP Board noted that this was a presumptive claim, and cited the negative x-ray for OP, Mr. Puleo's smoking history, and the presence of significant broncho-reversibility from their study as reasons for attributing only 20% to OP.

A final hearing was held on November 15, 2023, to take the OP Board's testimony. The OP Board testified that a chest radiograph dated July 21, 2022, and a CT dated November 2, 2022, were of good quality and showed no evidence of nodular fibrosis, no evidence of pleural disease, and no evidence of OP. The OP Board testified that the CT did show a cystic parenchymal change which was consistent with emphysema. Further, the OP Board testified that the etiology of the emphysema would be Mr. Puleo's smoking history. The OP Board testified that the pulmonary function study from New River Health dated June 28, 2022, was valid and reproducible. The OP Board members testified that it was still their opinion that Mr. Puleo had total pulmonary impairment with 20% being attributed to OP. The OP Board testified that the CT scan showed a moderate amount of emphysema which caused it to assign the majority of the impairment as non-occupational. The OP Board noted that Mr. Puleo was a smoker for around twenty to thirty years.

On February 7, 2024, the Board issued an order affirming the claim administrator's order granting Mr. Puleo a 20% PPD award related to his diagnosis of OP. The Board found that Mr. Puleo failed to establish that he had more than 20% impairment attributable to OP. Mr. Puleo now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;

3

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __S.E.2d __ (2024).

Mr. Puleo argues that the medical evidence establishes that the OP Board was clearly wrong. Mr. Puleo further argues that it is against reason that in the case of total pulmonary impairment and a thirty-year history of exposure, only 20% of the impairment would be attributable to OP. We disagree.

In *Rhodes v. Workers' Comp. Div.*, 209 W. Va. 8, 17, 543 S.E.2d 289, 298 (2000), the Supreme Court of Appeals of West Virginia held that the party protesting the findings of the OP Board has the burden to establish that the OP Board was clearly wrong.

Here, the Board found that the OP Board was not clearly wrong. Based on the OP Board's findings, the Board found that the rebuttable presumption under West Virginia Code § 23-4-8c(b) had been rebutted to 20%. As noted by the Board, the OP Board cited imaging studies that were negative for OP but positive for emphysema, Mr. Puleo's smoking history, and the significant broncho-reversibility as reasons why it found the presumption was rebutted. Thus, the Board found that Mr. Puleo failed to establish with medical evidence that the OP Board was clearly wrong in failing to find that he has more than 20% impairment related to OP.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Puleo failed to establish that the OP Board was clearly wrong. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order granting Mr. Puleo a 20% PPD award related to OP.

Accordingly, we affirm the Board's February 7, 2024, order.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**
Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear